# Glading's Estate.

*Practice, Supreme Court—Appeals—Insufficient findings of fact —Decrees—Vacation—Record remitted.*

A decree of distribution will be vacated and the record be remitted for further proceedings, with leave to take further testimony with respect to the questions of fact, when such questions have not

been determined in the court below and are essential to a proper distribution should the lower court's view of the law be held incorrect.

Argued Jan. 7, 1916.   Appeal, No. 315, Jan. T., 1915, by John R. Holihan, from decree of O. C. Philadelphia Co., July T., 1900, No. 78, dismissing exceptions to adjudication, in Estate of William Glading, deceased.   Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.   Decree vacated.

Exceptions to adjudication.   Before LAMORELLE, J.

The facts appear in the following excerpt from the adjudication of LAMORELLE, J.:

In view of the construction of the will as hereinafter set forth, it is unnecessary to determine whether the child of whom Louise Glading Holihan was delivered November 25, 1903, was stillborn or lived for a period of fifteen or less minutes.   Much testimony, including that of experts, was taken, and it is difficult to decide what are the facts.

Testator, who died in 1900, left his estate unto his executor, among other things to pay $1,004 annually to his daughter, Louise S. Stewart, for her sole and separate use during the lifetime of his wife, Louise Glading, if she should so long live, and to pay unto his wife all the rest of the income, and, in case the daughter survived the mother, then to pay all of the income to the daughter for her life.

Louise S. Holihan, formerly Stewart, nee Glading, died November 26, 1903; her mother died September 16, 1914, whereupon the trust terminated.

One child, Louise Glading Stewart, survived her mother, Louise S. Stewart, and, as stated above, the auditing judge deems it of no importance whether the child by Holihan ever lived at all.   If she did, it is admitted that she died in the lifetime of her mother.

After the death of the daughter, Louise S. Stewart,

there was a gift to her children, with the proviso that if she should die without "leaving children to survive her," then the corpus was to go elsewhere.

This is the clause in question: "and after the death of my said daughter Louise S. Stewart in trust to settle and divide the principal of my estate real and personal as follows: I give devise and bequeath all the said rest residue and remainder of my said property real and personal to the children of my said daughter their heirs and assigns forever share and share alike but if my said daughter should die without leaving children to survive her then in trust to settle and divide the principal of my estate real and personal as follows:" etc., etc.

If this language has any meaning, it is this: That if anyone of the class "children" survive, that one, comprising, as in the present case, the class, takes—and if no one of the class outlives the mother, the remainder over is effective.

There is, of course, an absolute gift, and, if that were all, a child who once was of the class and predeceased its mother would have a vested interest, but the restriction must be read along with the words of the gift, for the gift and the proviso form one sentence.

Survivorship was a condition precedent: those only, therefore, who survived took. Mulliken v. Earnshaw, 209 Pa. 226, is directly in point, if citation of authority on what appears to the auditing judge so clear a proposition is needed; and see also Cascaden's Est., 153 Pa. 170.

The remaining one-half of the estate, which, in and by the adjudication filed April 26, 1915, was directed to be retained by the accountant, is accordingly awarded to Louise Glading Stewart; and the accountant is directed to make payment and distribution accordingly, with leave to make any and all necessary assignments and transfers, to the guardian of her estate, upon his entering adequate security.

The court dismissed exceptions to the adjudication, in an opinion by ANDERSON, J.   John R. Holihan appealed.

*Errors assigned* were in dismissing the exceptions.

*F. B. Bracken,* with him *Joseph Gilfillan,* for appellants.

*E. Clinton Rhoads* and *Maurice Bower Saul,* with them *Gustavus C. S. Welzell* and *Clarence P. Culin,* for George W. Engwiler, guardian, appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1916:

This case is ripe for final adjudication only in case we accede to the view adopted by the court below, namely, that the gift over to the children of testator's daughters upon the daughter's death, was contingent upon their surviving their mother, and that under the terms of the gift children who died during the life of their mother took nothing.   Were we to hold to the contrary, that the gift over upon the death of the mother vested in her children as they were born, a final disposition of the fund for distribution between the parties here contending could be made only as the attitude of this appellant towards the fund was definitely settled.   Appellant was the second husband of the testator's daughter, Louisa S., to whom was given by the will a life interest in the fund.   By her first husband she had one daughter, Louise Glading Stewart, still living, a minor here represented by her guardian, to whom the entire fund has been distributed.   Appellant's claim is that having become the second husband of the testator's daughter, Louise S., a child was born to himself and wife which survived its birth but a few moments of time and predeceased its mother by a day; that an equal share of the gift over vested in this child upon its birth, that by the law of inheritance this much of the estate passed to himself and wife, and upon the death of the latter intes-

tate he succeeded. Were we to hold that the gift was a vested remainder, it would yet remain for the appellant to establish his claim that the child through whom he claims had once been in life and being, capable of taking and transmitting an estate, a question about which there was serious contention in the court below, and in regard to which more or less testimony was taken. Because the adjudicating court was of opinion that the gift over was limited to children surviving their mother, it was thought unnecessary to make any finding of fact with respect to the question raised. However confirmed the court was in its view that the gift over was a contingent remainder it should have contemplated the possibility of this court adopting a different view, in which event findings of fact with respect to the disputed question above referred to, would be necessary to enable us to make final disposition of the case. What we have said is not to be understood as indicating any present view as to the legal question involved. Our decision of the case must await further and fuller findings by the court below. Vacation of the decree appealed from is now ordered; the record is remitted for further proceeding, with leave to the parties to take further testimony with respect to this one question of fact.